### UNITED STATES BANKRUPTCY COURT FOR
### THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Case No.: 21-06416 |
| | ) |
| MORRIS MAILING, INC., | ) Chapter 11 |
| | ) |
| Debtor. | ) Hon. Jacqueline P. Cox |
| | ) |

## DEBTOR'S AMENDED SUBCHAPTER V PLAN OF REORGANIZATION

## BACKGROUND

### A.    Description and History of the Debtor

For nearly 30 years, Morris Mailing, Inc. ("Morris Mailing" or "Debtor") has been in the business of offering direct-mailing services for various publishers in the Chicagoland area. In early 2020, with the rise of the COVID-19 pandemic, the Debtor suffered a decrease in revenue, coupled with the loss of one of its largest clients. Around the same time, the Debtor's largest creditor initiated foreclosure proceedings against the Debtor. The foreclosure proceeding ultimately would have forced the Debtor to surrender its real property that houses all of the Debtor's operations. Under increasing financial pressures and the potential loss of its operations, Morris Mailing lacked the resources necessary to rebuild itself outside of the bankruptcy court's protection, leading to the filing of this Chapter 11 SubChapter V case.

As more fully outlined in this Plan, Morris Mailing has taken steps to reduce its expenses and is confident in its projections showing a profitable company over the next three-year period. Morris Mailing's cost-cutting measures and reorganization efforts are laid out more fully below.

### B.    Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis for the Debtor is attached to the Plan as Exhibit A. In a chapter 7 liquidation, there would be at most $0 available for distribution to general unsecured creditors. Under the terms of this Plan, non-insider general unsecured creditors will receive $282,830 (less administrative claims).

### C.    Ability to Make Future Plan Payments and Operate without
###        Further Reorganization

The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business. Debtor's projected financial information is attached as Exhibit B. These financial projections show that Morris

Mailing will have a total projected disposable income (as defined by Section 1191(d) of the Bankruptcy Code) for the period described in Section 1191(c)(2) of $536,642.

**D.     Plan Term**

The term of the plan is 36 months (3 years).  Plan payments will be made quarterly.

# ARTICLE I
# SUMMARY

1.01     This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code proposes to pay creditors of Morris Mailing from cash flow generated by operation of the business.  Non-insider, general unsecured creditors holding allowed claims will receive quarterly distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar.  This Plan also provides for the payment of administrative claims.

1.02     Debtor will file with the Court notice of substantial consummation within 14 days of the Plan being substantially consummated.

1.03     All creditors and equity security holders should refer to Articles IV through VI of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

# ARTICLE II
# CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1.     All allowed administrative expense claims entitled to priority under § 507 of the Bankruptcy Code.

2.02   Class 2.     The secured portion of the claim of Byline Bank.

2.03   Class 3.     The secured claim of Lake County.

2.04   Class 4.     The secured claim of Bluevine Capital, Inc.

2.05   Class 5.     The secured portion of the claim of Zygmunt Venture, Inc.

2.06   Class 6.     The secured portion of the claim of the Small Business Administration.

2.07   Class 7.     The unsecured portion of the claim of Byline Bank, Zygmut Venture, Inc. and the Small Business Administration.

2.08 <u>Class 8</u>. The unsecured claims of non-insider, general unsecured creditors.

2.09 <u>Class 9</u>. The unsecured claims of insiders of the Debtor.

2.10 <u>Class 10.</u> Equity.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE
## EXPENSE CLAIMS AND PRIORITY TAX CLAIMS

3.01 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code (as defined in Article VIII), will be paid in full prior to any other distributions under the plan.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTEREST UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under the Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1<br><br>Administrative Claims | Unimpaired | SubChapter V Trustee and Debtor's counsel may periodically apply to the Court for post-confirmation administrative expenses and, if granted, such expenses will be paid prior to distribution to creditors. Administrative claims are estimated to be $40,000. |
| Class 2<br><br>The secured portion of the claim of Byline Bank in the amount of $1,400,000.00 | Unimpaired | This claim will be paid in full. Debtor and Byline Bank will enter into a loan modification and this claim will be paid outside the plan. |
| Class 3<br><br>The secured claim of Lake County for delinquent property taxes in | Unimpaired | This claim will be paid in full. |

| Class | Impairment | Treatment |
|---|---|---|
| the amount of $122,843.15 | | |
| Class 4<br><br>The secured claim of Bluevine Capital, Inc. in the amount of $53,494.22 | Unimpaired | This claim will be paid in full. |
| Class 5<br><br>The secured claim of Zygmunt Venture, Inc in the amount of $188,985 | Unimpaired | This claim will be paid in full. |
| Class 6<br><br>The secured portion of the claim of the Small Business Administration in the amount of $22,721.36. | Unimpaired | This claim will be paid in full. |
| Class 7<br><br>The unsecured portion of the claim of Byline Bank, Zygmut Venture, Inc. and the Small Business Administration in the amount of $1,468,030.99 | Impaired | This class will be paid *pro rata* with class 8. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 8<br><br>The unsecured claims of non-insider, general unsecured creditors in the amount of $397,790.72 | Impaired | This class will be paid *pro rata* with class 7. |
| Class 9<br><br>The unsecured claims of insiders of the Debtor in the amount of $1,030,813.55 | Impaired | This class will receive no distribution. |
| Class 10<br><br>Equity | Impaired | This class will receive no distribution. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

     5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

     5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     6.01    Assumed Executory Contracts and Unexpired Leases.

    (a) The Debtor is assuming the unexpired lease for its mailing equipment with Pitney Bowes Inc.

    (b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

**ARTICLE VII**
**MEANS FOR IMPLEMENTATION OF THE PLAN**

  7.01 <u>Responsibility for Implementation.</u> The plan will be funded by the business operations of Morris Mailing as set forth on the projections attached as <u>Exhibit B</u>.

  7.02 <u>Disbursing Agent</u>.  In the event the plan is confirmed as a consensual plan pursuant to Section 1191(a), the Debtor shall make payments to creditors under the Plan. If the plan is confirmed pursuant to Section 1191(b), the Subchapter V trustee will be the disbursing agent.  Payments shall be due on the 5th calendar day of each month, with the first payment being due on the 5th of the month following the Effective Date of the Plan.

**ARTICLE VIII**
**GENERAL PROVISIONS**

  8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

  8.02 <u>Effective Date of Plan</u>.  The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

  8.03 <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

  8.04 <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

  8.05 <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Illinois govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain such jurisdiction over the Debtor and its Chapter 11 case after the Effective Date as is legally permissible, including jurisdiction to:

9.01    Claims.  Allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any claim, including the resolution of any request for payment of any administrative expense claim and the resolution of any and all objections to the allowance or priority of claims.

9.02    Professional Fees. Grant or deny any application for a professional fee claim, for allowance of compensation, or for reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan.

9.03    Assumptions or Rejection of Executory Contracts.  Resolve any matters related to the assumption, assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party or with respect to which either the Debtor may be liable and to hear, determine and, if necessary, liquidate, any claims arising therefrom.

9.04    Distributions Under the Plan.  Ensure that distributions to holders of allowed claims are accomplished pursuant to the provisions of this Plan, including resolving any issues relating to any default under the Plan.

9.05    Subsequent Proceedings.  Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtor that may be pending on the Effective Date, or brought thereafter by the Debtor.

9.06    Plan Implementation.  Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan or the Confirmation Order, except as otherwise provided herein and resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of this Plan or any entity's obligations created or incurred in connection with this Plan.

9.07    Pre-Confirmation Modification of Plan.  Modify the Plan before or after the Effective Date pursuant to 11 U.S.C. § 1127 or any contract, instrument, release or other agreement or document created in connection with the Plan; or remedy any defect or omission

or reconcile any inconsistency in any Court order, the Plan, or the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with this Plan or the Confirmation Order, in such manner as may be necessary or appropriate to consummate this Plan, to the extent authorized by the Bankruptcy Code.

      9.08    <u>Interference with Implementation of Plan.</u>  Issue, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Plan.

      9.09    <u>Post-Confirmation Modification.</u>  Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated or if distributions pursuant to this Plan are enjoined or stopped.

      9.10    <u>All Matters.</u>  Determine any other matters that may arise in connection with or relate to the Plan, the Confirmation Order or any contract, instrument release or other agreement or document created in connection with this Plan and enter any order concluding the Debtor's Chapter 11 reorganization case.

**ARTICLE X**
**<u>DISCHARGE</u>**

      10.01    <u>Discharge.</u>

      (I)    If the Debtor's plan is confirmed under Section 1191(a) of the Bankruptcy Code, on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in Section 1141(d)(1)(A) of theBankruptcy Code, except that the Debtor will not be discharged of any debt:

    (i) imposed by this Plan; or

    (ii) to the extent provided in Section 1141(d)(6).

      (II)    If the Debtor's Plan is confirmed under Section 1191(b) of the Bankruptcy Code, confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in Section 1192 of the Bankruptcy Code.  The Debtor will not be discharged from any debt:

    (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in Section 1192 of the Bankruptcy Code; or

    (ii) excepted from discharge under Section 523(a) of the Bankruptcy Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE XI
## DEFAULT

11.01 <u>Default.</u> In the event that the Debtor fails to make monthly payments within ten days of the due date as set forth in this Plan, the Debtor shall be in default under the Plan. The Debtor shall have thirty days to cure any default following receipt of written notice of a default from any party in interest.

11.02 <u>Remedies Upon Default.</u> In the event that the Debtor defaults under the terms of this Plan, (1) the case shall be dismissed and; (2) Debtor will provide a deed in lieu of foreclosure to Byline Bank at its request for the real property located at 1098 Brown St. Wauconda, IL 60084.

Dated: September 29, 2021

Respectfully submitted,
**MORRIS MAILING, INC.**

By: /s/   John F. Hiltz
(One of its Attorneys)

John F. Hiltz (No. 6289744)
Alex J. Whitt (No. 6315835)
**HILTZ ZANZIG & HEILIGMAN LLC**
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008

*Counsel for Debtor*